UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BYRON A. JAMES** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **ILLINOIS CENTRAL RAILROAD COMPANY** | * | **MAGISTRATE DIVISION:** |
| | * | |
| ****************************************** | | **TRIAL BY JURY** |

## COMPLAINT

### COUNT I

COMES NOW Plaintiff, Byron James, by and through his attorneys, Davis, Saunders, Miller, & Oden, PLC and O'Brien Chod, LLC, and for his Complaint against Defendant, Illinois Central Railroad Company, states:

1.

That at all times herein Plaintiff, Byron James, is a citizen of the United States and is an employee of Defendant, Illinois Central Railroad Company ("IC").

2.

That at all times herein Defendant, IC was and is a corporation organized and existing according to law, conducting business as a common carrier by railroad in and through interstate commerce with facilities, tracks and employees located in and through the numerous states, including the State of Louisiana and within the jurisdiction of the United States District Court for the Eastern District of Louisiana. At the time of commencement of this action, Defendant received, accepted and transported various shipments of freight in and through the State of Louisiana and in the jurisdiction of the United States District Court for the Eastern District of

1

Louisiana, including both intrastate and interstate commerce, and maintained offices and agents for the transaction of its business in said State, and, at the times hereinafter mentioned, was and is presently conducting business in the United States District encompassing New Orleans, Louisiana, within the true meaning and intent of Section 6 of the Federal Employers' Liability Act, as amended.

3.

That at all times material herein, Plaintiff was employed by Defendant IC as a conductor and was working and engaged in interstate transportation and commerce at the time of the occurrence hereinafter set forth, and at such time was working in the furtherance of Defendant's interstate commerce activities and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant as a railroad.

4.

This action is instituted and prosecuted pursuant to the applicable provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.§51, *et seq.* and this Court has jurisdiction over Defendant IC pursuant to the FELA, 45 U.S.C. §56.

5.

Plaintiff's worked related injuries as alleged in Plaintiff's Complaint occurred in the United States District encompassing New Orleans, Louisiana and venue is proper in this Court pursuant to 45 U.S.C. §56.

6.

That on or about February 25, 2012 while working in the course and scope of his railroad employment with Defendant while riding in a locomotive in Geismar, Louisiana, Plaintiff sustained serious bodily injuries when the locomotive bottomed out on the track and/or hit "a

rough spot" and/or defective track condition causing the car connected to the locomotive to come uncoupled causing the train to separate from the locomotive. This caused the train to go into emergency and allowed the cut of cars that separated to catch up with the locomotive causing them to slam violently into said locomotive.

7.

That pursuant to the FELA, 45 U.S.C. § 51, *et seq*., Defendant IC had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe supervision for work, reasonably safe methods for work, and a duty to exercise ordinary care in connection with all aspects of Plaintiff's working environment on February 25, 2012.

8.

That Defendant IC, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b) Defendant failed to provide Plaintiff with reasonably safe conditions for work;

(c) Defendant failed to provide Plaintiff with reasonably safe equipment for work;

(d) Defendant failed to provide Plaintiff with reasonably safe methods for work;

(e) Defendant failed to provide Plaintiff with reasonably safe supervision for work;

(f) Defendant allowed and permitted dangerous and/or hazardous conditions to exist at the time and place where Plaintiff was injured;

(g) Defendant violated one or more federal regulations and federal railroad safety statutes enacted for the purpose of protecting railroad employee safety.

9.

That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations of statutory and safety regulations, in violation of the FELA, 45 U.S.C.§ 51, *et seq*.

10.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to his neck, bilateral lower extremities, shoulder and elbow with bruising, straining, spraining, tearing, twisting, bulging and/or herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of the aforementioned body parts, all of which have resulted in severe pain, instability, limitation of motion, loss of function, sensory changes, radicular symptoms, permanent impairment, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain, anguish and anxiety in the future.

11.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical, hospital, surgical, rehabilitative and therapeutic care and treatment and will continue to receive such additional care and treatment, including surgical care and treatment, in the future; that he has incurred expenses for his medical, hospital, rehabilitative and therapeutic care and treatment and will continue to incur such additional expenses in the future.

12.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff was seriously injured and Plaintiff has sustained a past wage loss and a permanent impairment of his earning capacity, both past and future, and a loss of fringe benefits of employment, both past and future.

WHEREFORE, Plaintiff, Byron James, prays that Defendant, Illinois Central Railroad, on Count I, be served with a copy of the above and foregoing Complaint for Damages and Request for Trial by Jury, that it be cited to appear and answer same, and after all legal delays and due proceedings had, there be Judgment in factor of Plaintiff, Byron James, and against Defendant Illinois Central Railroad, for reasonable damages in the premises for all costs of this proceeding, including any and all expenses actually incurred, legal interest from the date of judicial demand until paid, and for all other general and equitable relief to which Plaintiff may be entitled. Plaintiff further prays for trial by jury on all issues.

## COUNT II

COMES NOW Plaintiff, Byron James, by and through his attorneys, Davis, Saunders, Miller, & Oden PLC and O'Brien Chod, LLC, and for Count II of his Complaint against Defendant, Illinois Central Railroad Company, states as follows:

13.

Plaintiff re-alleges, restates and incorporates herein by reference as though fully set forth herein the allegations of Paragraphs (1) through (5) of Count I of Plaintiff's Complaint.

14.

That on or about February 7, 2014 while working in the course and scope of his railroad employment with Defendant near Rubicon, Louisiana, Plaintiff sustained serious bodily injuries

when, while getting off a moving railroad car he slipped on large ballast, rendering the walking conditions in the workplace unreasonably dangerous.

15.

That pursuant to the FELA, 45 U.S.C. § 51, *et seq.*, Defendant IC had a non-delegable duty to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment for work, reasonably safe supervision for work, reasonably safe methods for work, and a duty to exercise ordinary care in connection with all aspects of Plaintiff's working environment on February 7, 2014.

16.

That Defendant IC, by and through its agents, servants and/or employees, breached its aforementioned duties of care owed to Plaintiff and was thereby negligent in one or more of the following particulars:

(a) Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b) Defendant failed to provide Plaintiff with reasonably safe conditions for work;

(c) Defendant failed to provide Plaintiff with reasonably safe equipment for work;

(d) Defendant failed to provide Plaintiff with reasonably safe methods for work;

(e) Defendant failed to provide Plaintiff with reasonably safe supervision for work;

(f) Defendant allowed and permitted dangerous and/or hazardous conditions, including but not limited to unreasonably hazardous walking conditions to exist at the time and place where Plaintiff was injured;

(g) Defendant violated one or more federal regulations and federal railroad safety statutes enacted for the purpose of protecting railroad employee safety.

17.

That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant's aforementioned negligent acts or omissions, as well as other acts of negligence and/or violations

of statutory and safety regulations, in violation of the FELA, 45 U.S.C.§ 51, *et seq*.

18.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff sustained serious injuries to his left knee with bruising, straining, spraining, tearing, twisting, bulging and/or herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, bones, blood vessels, and nerves of the aforementioned body parts, all of which have resulted in severe pain, instability, limitation of motion, loss of function, sensory changes, permanent impairment, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain, anguish and anxiety in the future.

19.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff has sought and received medical, hospital, rehabilitative, surgical and therapeutic care and treatment and will continue to receive such additional care and treatment, including surgical care and treatment, in the future; that he has incurred expenses for his medical, hospital, rehabilitative and therapeutic care and treatment and will continue to incur such additional expenses in the future.

20.

That as a result, even in the slightest, of one or more of the Defendant's aforementioned negligent acts or omissions and/or violations of statutory and safety regulations, Plaintiff was seriously injured and Plaintiff has sustained a past wage loss and a permanent impairment of his earning capacity, both past and future, and a loss of fringe benefits of employment, both past and

future.

WHEREFORE, Plaintiff, Byron James, prays that Defendant, Illinois Central Railroad, on Count II, be served with a copy of the above and foregoing Complaint for Damages and Request for Trial by Jury, that it be cited to appear and answer same, and after all legal delays and due proceedings had, there be Judgment in factor of Plaintiff, Byron James, and against Defendant Illinois Central Railroad, for reasonable damages in the premises and for all costs of this proceeding, including any and all expenses actually incurred, legal interest from the date of judicial demand until paid, and for all other general and equitable relief to which Plaintiff may be entitled.  Plaintiff further prays for trial by jury on all issues.

Respectfully Submitted,

**DAVIS, SAUNDERS, MILLER & ODEN, PLC**

BY: */s/ Joseph M. Miller*

**JOSEPH M. MILLER #30636**
**CARISA GERMAN-ODEN #31463**
**BENJAMIN B. SAUNDERS #11733**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
jmiller@davissaunders.com
**Attorneys for Byron A. James**

and

O'BRIEN CHOD, LLC
Patrick S. O'Brien
326 South 21st Street, Suite 306
St. Louis, MO  63103
(314) 621-7474
(314) 621-7476 (Fax)
pobrien@obrienchod.com